Jack B. Schmetterer, United States Bankruptcy Judge
Eastern Savings Bank, FSB ("Eastern") has objected to the confirmation of Debtor *348 Hade Reynolds' ("Debtor") Modified Chapter 13 Plan filed on May 23, 2018. (Dkt. No. 28.)
For the reasons discussed below, Eastern's Objection will be sustained by this order.
UNDISPUTED FACTS
1. Debtor filed his petition for Chapter 13 bankruptcy relief on February 5, 2018. (Dkt. No. 1.)
2. Eastern has two mortgages on property belonging to the Debtor known as 4023 W. Polk St., Chicago, IL 60624.
3. The exhibit to Debtor's Modified Chapter 13 Plan titled "Total Amount of Estimated Trustee Payments" indicates that Debtor expects Trustee to disburse approximately $54,000.00. (Dkt. No. 28.)
4. However, Section 2.1 of Debtor's Plan, which describes the Plan Payments and Length of the Plan states that Debtor will make payments of $900.00 per month over 36 months, totaling only $32,400.00. (Dkt. No. 28.)
5. In its Objection, filed May 29, 2018, Eastern states that because the amount Debtor calculates in Section 2.1 of his plan is lower than the promised $54,000.00 he expects Trustee to disburse, the plan length should be increased to 60 months, which would be consistent with the exhibit to his plan. Eastern also states that Section 2.5, which is the estimated total amount of payments to the Trustee of Debtor's plan should be modified to make the total amount of estimated payments to the Trustee to be a precise $54,000.00. (Dkt. No. 30.)
6. Debtor filed a Response to the Objection on June 13, 2018. (Dkt. No. 34.) Debtor's Amended Response was filed that same day. (Dkt. No. 36.) In his Amended Response, Debtor states that while Eastern is correct that the math in Section 2.1 of the plan does not total $54,000.00, he is allowed to make additional payments beyond the 36 month period because the recently adopted national plan states that, "if fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make payments to creditors in this plan," (emphasis added). Debtor also argues that Section 2.5 of his plan need not be amended because while only the initial $32,400.00 payments are listed, the plan allows for additional payments to creditors if necessary beyond the 36 month period, and the plan as written thus remains feasible. (Dkt. No. 36.)
DISCUSSION
The central point of contention between the parties in this case is whether a plan, in which Section 2.1 lists only initial payments and not the total amount to be disbursed by Trustee, is confirmable. The parties do not dispute that the amount of plan payments calculated in Section 2.1 of Debtor's plan totals only $32,400.00, less than the estimated $54,000.00 promised by the plan to be disbursed by the Trustee. However, Debtor points to the line just below Section 2.1 of the National Chapter 13 Plan (recently adopted in this circuit) that states, "If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan," (emphasis added). He argues that the language of the National Chapter 13 Plan expressly requires *349 that ambiguous or unspecified payments beyond the listed plan duration be paid by the debtor should they be necessary to pay creditors specified in the plan.
Debtor's plan duration in Section 2.1 runs for only 36 months and totals an amount less than that which is "necessary to make the payments to creditors specified in the plan." By the language of the plan, Debtor would be required to make additional monthly payments, because the language of the National Chapter 13 Plan makes mandatory any needed additional monthly payments if the plan duration is fewer than 60 months and the necessary payments to creditors are not being made based on the initial payments alone.
On that basis, Debtor must (if the plan is confirmed) make additional payments beyond the 36 month period to reach the estimated $54,000.00 figure.
However, the $54,000.00 figure, as Debtor correctly points out in his Response, is derived from Exhibit 1 to his Amended Plan titled, "Total Amount of Estimated Trustee Payments." There is no guarantee that the total amount paid out through Debtor's plan will reach that $54,000.00 figure as it is merely an estimate. The only certain figure in his plan is that he will pay $32,400.00 over 36 months, far less than the amount needed to pay his creditors. While the language of the National Plan may sometimes act as a savings clause to a sum certain to be paid to creditors, that is not necessarily the case here. If the $54,000.00 figure were more than an estimate, Debtor's plan would be confirmable because he would be required to make additional payments beyond the 36 month plan length to reach that figure. As it stands however, Debtor's plan only requires him to pay $32,400.00 over 36 months, with any additional payments only required to the extent necessary to make payments to creditors. If for any reason, Debtor decides that less than $54,000.00 will be distributed by the Trustee to creditors, there are no answers to the question of what becomes of the requirement to make additional payments. This level of ambiguity in Debtor's plan renders it unconfirmable.
CONCLUSION
For the foregoing reasons, it is hereby ordered that Eastern's Objection to Debtor's Modified Chapter 13 Plan is sustained.